IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

THURMAN D. PAYNE, )
) CIVIL ACTION NO: 9:07-3900-TLW-BM
Plaintiff, )
)
v. )
) **REPORT AND RECOMMENDATION**
J. EDWARDS, M. CHRISTIAN, )
JERRY COMSTOCK, MARTY )
C. ANDERSON, )
)
Defendants. )
______________________________)

This action has been filed by the Plaintiff, pro se, pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)[1]. Plaintiff, an inmate with the Federal Bureau of Prisons (BOP), alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on June 4, 2008. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on June 5, 2008, advising Plaintiff of the importance of a dispositive motion and of the need for him to file

[1]In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983. However, federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 (1982). Harlow and progeny indicate that case law involving § 1983 claims is applicable in Bivens actions and *vice versa*. Farmer v. Brennan, 511 U.S. 825 (1994). See also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-444 (4th Cir. 1988); Osabutey v. Welch, 857 F.2d 220, 221-223 (4th Cir. 1988); and Tarantino v. Baker, 825 F.2d 772, 773-775 (4th Cir. 1987), cert. denied, North Carolina v. Tarantino, 489 U.S. 1010 (1989).





an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a document styled "motion for summary judgment" on July 2, 2008, as well as a response to the Defendants' motion to dismiss on August 11, 2008. These motions are now before the Court for disposition.[2]

**Background and Evidence**

Plaintiff alleges in his verified Complaint[3] that he was formerly incarcerated at the Federal Correctional Institution in Bennettsville, South Carolina.[4] Plaintiff alleges that on May 4, 2007 he was interviewed by case manager Kathy Williams in regards to an alleged assault on staff. Plaintiff denies that he was involved in any assault, and that when the interview became contentious he informed Williams that he wanted to "exercise his constitutional rights to have his attorney present before being forced in to a custodial interrogation." Plaintiff alleges that, instead, Williams summoned the Defendant Edwards, a lieutenant, who ordered that Plaintiff be handcuffed and escorted to his office for further questioning. Plaintiff alleges that he again refused to answer questions without an attorney, at which time Edwards ordered that he be placed into administrative detention.

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The parties have filed motions to dismiss or for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[3]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

[4]At the time Plaintiff filed this action he was incarcerated in a federal facility in Springfield, Missouri. He is currently incarcerated at a federal prison facility in Beaver, West Virginia.





Plaintiff alleges that his due process rights were violated by Edwards because he had a right to a hearing and notice of charges while being held in pre-administrative detention. Plaintiff also alleges that the Defendant Edwards retaliated against him for exercising his constitutional rights to an attorney and by placing him in administrative detention without notice and a hearing. Plaintiff alleges that he filed an administrative grievance against Edwards on May 11, 2007 alleging retaliation, but that this grievance was never answered by prison officials, although Plaintiff does state that he gave a sworn affidavit to a Lt. "Proffitt", a special investigator, on July 2, 2007. Plaintiff alleges that his administrative remedies have been exhausted in regard to this grievance because prison officials failed to provide a timely response.

Plaintiff further alleges that the Defendant Christian, a correctional officer, retaliated against him on May 31, 2007 by filing a "fabricated incident report" claiming that Plaintiff had tampered with a locking device, a code "208" offense, and intentionally violated his First Amendment rights by filing this false disciplinary charge against him. Plaintiff also alleges that this "false incident report" was delivered to him beyond the twenty-four (24) hour time limitation required by prison policy. Plaintiff alleges a disciplinary hearing was held on this incident report on June 4, 2007, where the case manager (Steamer) "illegally changed [Plaintiff's] charges" from "tampering with and blocking any locking device" to "destroying and tampering with a locking device". Plaintiff alleges that Steamer's actions were also in retaliation for a grievance Plaintiff had previously filed against Steamer.

Plaintiff alleges that he filed a grievance against Christian on June 2, 2007 for "knowingly and intentionally falsifying government documents", at which time he gave another sworn affidavit to Proffitt. Plaintiff alleges that he also notified the warden in writing that he had





"exhausted his administrative remedies in regard to the grievance" because prison officials failed to provide a timely response...."

Plaintiff alleges that the Defendant Comstock (a disciplinary hearing officer) held a hearing on Christian's charges on June 26, 2007, at which time she improperly sought to change the charges to "improperly using any security device". Plaintiff objected, and alleges that Comstock then retaliated against him for challenging her authority to change these charges by ordering him held in a "small cell" for five hours. Plaintiff alleges he filed a grievance against Comstock on June 26, 2007. Plaintiff alleges that Comstock then had a second hearing on July 31, 2007, where she continued to "maliciously" violate his procedural due process rights to a fair and impartial hearing, and found him guilty on the charge that she had changed. Plaintiff alleges he filed a timely appeal, but as of the filing of the Complaint had still not received a regional director response.

Plaintiff alleges that Comstock violated his Fourth Amendment rights when she illegally changed the charges in the incident report and intentionally misrepresented the facts regarding the serving of the charging memorandum. Plaintiff alleges his first amendment rights were also violated due to Comstock retaliating against him with "capricious punishment".

Finally, Plaintiff alleges that on September 27, 2007, he received a "retaliatory transfer" from FCI Bennettsville to the federal facility in Springfield, Missouri. The final Defendant, Marty Anderson, is the Warden at the federal prison facility in Springfield. Plaintiff alleges that Warden Anderson denied his requests for a thorough investigation into alleged constitutional violations concerning his transfer to that institution, and thereby violated his First Amendment rights "by turning [a] blind eye to the evidence [Plaintiff] submitted to staff upon his arrival that clearly shown a legitimate claim that his transfer was of a retaliatory nature, and his





security custody was inconsistent with this maximum security administrative facility."

Plaintiff seeks monetary damages, as well as injunctive relief, including a transfer to a federal facility at "Terminal Island" and the restoration of twenty-one (21) days of lost "good time". See generally, Verified Complaint, with attached Exhibits.

In support of dismissal of this case, the Defendants have submitted an affidavit from Jenifer Hollett,[5] a senior attorney with the United States Department of Justice, Federal Bureau of Prisons. Hollett attests that she has reviewed the official BOP records, which show that the Plaintiff was incarcerated at FCI Bennettsville from November 22, 2005 until September 28, 2007. Hollett attests that she is intimately involved with the administrative grievance process, and has even been assigned to act as the Administrative Remedy Coordinator on more than one occasion. Hollett attests that inmates may challenge almost any aspect of their confinement through the administrative remedy process, and that this process is initiated by the inmate submitting an informal request for relief with their correctional counselor. The matter is then investigated and the inmate is provided a response. Thereafter, if the inmate is dissatisfied with the response, he may file a formal request for administrative remedy with the warden. If the inmate is dissatisfied with the warden's response, he may then file at the regional level, and if dissatisfied with the regional response, may file at the national level. Hollett attests that the request is logged into the national data base and given a unique identifying number, which also shows which administrative level the grievance has completed.

Hollett also attests that some administrative complaints, most commonly challenges

[5]See Spruill v. Gillis, 372 F.3d 218, 223 (3rd Cir. 2004) [documents relating to issue of exhaustion may be considered when considering a motion to dismiss]; Baylis v. Taylor, 475 F.Supp.2d 484, 488 (D.Del. 2007).





to inmate discipline imposed by a disciplinary hearing officer, are allowed to by-pass the informal and institutional level filings, and that such complaints are initially filed at the regional level and only require one additional level of review (national level) in order to complete exhaustion. Hollett also attests that, at times, an inmate may attempt to file a grievance that is rejected for any number of reasons, with the inmate then being given a rejection notice explaining the reasons for the rejection. In many cases the inmate is offered an opportunity to correct whatever deficiencies there may be. For example, in cases where a grievance is filed out of time, the inmate is routinely offered a chance to explain, in case the delay was attributable to staff in some matter, or if the inmate did not provide necessary copies or attachments, then he is allowed additional time in which to do so.

Hollett attests that she has reviewed the administrative remedy log which details all formal requests filed by the Plaintiff, which record indicates that as of the date of her affidavit (June 4, 2008) Plaintiff has filed or attempted to file eighty-four (84) formal requests for remedy. Hollett attests that while Plaintiff has on several occasions exhausted his remedies all the way to the central office, he did not do so with respect to the claims being asserted in this litigation. Specifically, with respect to the grievance concerning the disciplinary action relating to the DHO hearing held on July 31, 2007 (wherein Plaintiff was charged with a Code 208 violation), the record reflects that Plaintiff filed a request for relief [Remedy No. 464263-R1] with the Southeast Regional Director on August 27, 2007. Hollett attests that the Regional Director responded to that appeal denying Plaintiff's claim on September 20, 2007, and that Plaintiff never filed an appeal of this decision at the national level, nor did he attempt to do so.

With respect to Plaintiff's request for administrative remedy concerning his transfer from Bennettsville to Springfield, that request [Remedy No. 472535] was initially filed at



Springfield on November 8, 2007. Plaintiff received a response on November 16, 2007, following which he appealed the decision to the North Central Regional Director on November 29, 2007. Hollett attests that Plaintiff received a response affirming the Warden's decision on January 8, 2008, and that although he attempted to appeal that decision to the national level on January 17, 2008 (all of which occurred *after* Plaintiff filed this lawsuit), that submission was rejected because Plaintiff failed to provide a copy of the regional response. Hollett attests that Plaintiff was advised that he could correct this deficiency and re-file within fifteen (15) days, but that Plaintiff never attempted to do so.

Hollett attests that she has reviewed all of the other requests for administrative remedy filed by the Plaintiff that were not rejected due to his failure to comply with filing requirements, and that none of those appeals concern the allegation that he was improperly subjected to an interview without counsel present on May 4, 2007, or that he was improperly placed in the special housing unit on that same date. Hollett further attests that none of the myriad requests for administrative remedy filed by the Plaintiff concern allegations against the Defendant Edwards, the Defendant Christian, the Defendant Comstock, or the Defendant Anderson, other than the two administrative remedies addressed earlier in her affidavit.

Finally, Hollett attests that the administrative remedy log reflects that Plaintiff did exhaust his administrative remedies on many issues both prior to and after the filings addressed in her affidavit, while he failed to exhaust his administrative remedies on many others. See generally, Hollett Affidavit.

As attachments to his response to the Defendants' motion to dismiss, Plaintiff has submitted numerous documents concerning his complaints of his treatment by the prison system.





See Response, Attachments.

**Discussion**

Defendants have filed a motion to dismiss, and when considering a motion to dismiss pursuant to Rule 12(b), the Court is required to "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890 (D.Del. 1991); (quoting Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir. 1991)). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). As the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard. However, even though summary dismissal of a case pursuant to Rule 12 is disfavored, Cardio-Medical Associates Ltd. V. Crozer-Chester Medical Center, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

As for Plaintiff's summary judgment motion, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving





party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.

**(Exhaustion of Administrative Remedies)**

Defendants first assert, inter alia, that this entire case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions[6] under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The Federal Bureau of Prisons has a detailed grievance process which allows prison inmates to pursue administrative remedies for their grievances. Hollett Affidavit; see also 28 C.F.R. §§ 542.10, et. seq. This administrative process operates as follows:

> An inmate may complain about any aspect of his confinement by first seeking to informally resolve the complaint at the institution level. 28 C.F.R. §542.13. If the matter cannot be resolved informally, the inmate may file a formal written complaint to the warden. 28 C.F.R. §542.14. The matter will be investigated, and a written response provided to the inmate. Id. If dissatisfied with the response, the inmate may appeal to the Regional Director. 28 C.F.R. §542.15(a). If dissatisfied with the regional response, the inmate may appeal

---

[6] There is no definition for the term "prison conditions" contained in § 1997e. The Sixth Circuit utilizes a definition derived from 18 U.S.C. § 3262:

> [T]he term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

Hartsfield v. Vidor, 199 F.3d 305, 308 (6th Cir. 1999) (quoting 18 U.S.C. § 3262(g)(2)); Neal v. Goord, 267 F.3d 116, 2001 WL 1178293 (2d Cir., Oct 04, 2001) (quoting Lawrence v. Goord, 238 F.3d 182, 185 (2d Cir. 2001) (*per curiam*)).





> to the General Counsel. Id. Appeal to the General Counsel is the final level of agency review. 28 C.F.R. §542.15(a). With respect to challenges to inmate disciplinary actions, the initial appeal is filed at the regional level, bypassing the informal and institutional levels. See 28 C.F.R. §542.14(d)(2). A claim has not been administratively exhausted until it has been filed with the General Counsel. 28 C.F.R. §542.15(a). Administrative complaints must be filed within 20 days of the date of incident giving rise to the complaint occurred. 28 C.F.R. §542.14(a).

See Defendants' Brief, p. 8; see also 28 C.F.R. § 542.10, et. seq..

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 549 U.S. 199 (2007). To meet this burden, Defendants have submitted Hollett's affidavit in which she attests that, although Plaintiff has filed or attempted to file some eighty-four (84) formal requests for remedy with the BOP, he has failed to exhaust his administrative remedies with respect to any of the claims set forth in this lawsuit. Plaintiff counters by arguing that he has exhausted his administrative remedies because the Defendants failed to timely process his claims. See Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) [ administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance], cert. denied, 544 U.S. 920 (2005); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) [stating that prison's failure to timely respond renders administrative remedies unavailable]; *cf.* Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) [holding that defendants failed to prove non-exhaustion where they presented no evidence to refute plaintiff's contention that he could not pursue grievance further after warden did not respond to his grievance]. However, the evidence before this Court does not support Plaintiff's argument.

Plaintiff has attached as an exhibit to his Complaint a copy of an informal resolution





attempt dated May 11, 2007 concerning his claims against Edwards (Exhibit 1), as well as a copy of an affidavit (apparently the sworn affidavit provided to Lt. Proffitt) dated July 2, 2007 (Exhibit 2). With respect to his claims against Christian, Plaintiff has provided a copy of an informal resolution attempt dated June 7, 2007 (Exhibit 5), as well as an affidavit (again apparently provided to Lt. Proffitt) concerning this claim dated July 2, 2007 (Exhibit 6). However, no copies of any formal written complaints concerning these matters have been provided to the Court, nor does Plaintiff even argue that he ever filed any such forms. See 28 C.F.R. § 542.14. With respect to Comstock, Plaintiff has provided copies of two inmate request to staff forms dated August 30, 2007 and September 6, 2007, respectively, wherein Plaintiff is complaining that a "Counselor Prout" cannot locate an informal resolution attempt form (also called a "BP-8") he had allegedly filed against Comstock on or about June 26, 2007. Prout responds by stating that they do not keep copies of BP-8s once they are returned, and that he could not locate any BP-8s concerning Comstock. See Exhibits 7 & 8. In any event, while Defendants concede that Plaintiff did pursue a formal grievance concerning Comstock's handling of his disciplinary hearing, Hollett attests that Plaintiff failed to fully exhaust his appeals with respect to that grievance. Again, Plaintiff has failed to present any evidence to counter Defendants' affidavit, or to otherwise raise a genuine issue of fact as to whether he exhausted his grievance.

As for his claim against Anderson, Plaintiff has provided a copy of a formal request for administrative remedy concerning his transfer (Exhibit 14) dated November 16, 2007, with related documents. Plaintiff has also provided copies of numerous receipts of administrative remedy print outs (all part of his Exhibit 14) which reflect receipt of the regional appeal in Remedy No. 464263-R1 (referenced by Hollett in her affidavit), as well as copies of numerous other print outs





showing receipt of appeals and/or administrative remedy requests in matters that predate the allegations of this Complaint. However, none of these documents dispute or call into question the representations made by Hollett in her affidavit with respect to the transfer issue, including in particular that this matter was being administratively pursued after the commencement of this lawsuit. See Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."].

As attachments to his response in opposition to the Defendants' motion to dismiss, Plaintiff has re-submitted many of these same documents, along with other filings, inmate to staff request forms,[7] as well as grievance documents relating to individuals not named as Defendants in this lawsuit. These exhibits also include documentation concerning Plaintiff's appeals in Remedy No. 472535, which confirm that this process was continuing well after Plaintiff filed this lawsuit. See Plaintiff's Response, attached Exhibits.

After careful review of the evidence, exhibits and arguments submitted to this Court, the undersigned is constrained to agree with the Defendants that this action should be dismissed for failure of the Plaintiff to exhaust his administrative remedies. Defendants have submitted an affidavit from the appropriate prison grievance official outlining the grievance process and attesting that Plaintiff failed to exhaust his grievance remedies with respect to his claims, and while Plaintiff has submitted copies of *informal* resolution attempts he made with respect to his claims against

---

[7]Plaintiff's "grievances" should not be confused with the various inmate "requests" Plaintiff submitted to prison officials. Request to staff forms are not grievances, and Plaintiff being dissatisfied with responses to his inmate request forms does not constitute the exhaustion of the prison grievance process. Rather, to exhaust his administrative remedies, Plaintiff would have had to have pursued *grievances* concerning these issues if he did not receive the response(s) he desired to his request forms. Davis v. Minthorn, No. 05-326, 2006 WL 2222700 (E.D.Tenn. Aug. 2, 2006) [Submission of inmate request form not sufficient to exhaust grievance remedy].





Edwards and Christian, he has provided no evidence whatsoever to show that he ever filed any formal administrative remedies with respect to any of these claims. Plaintiff did file a request for relief concerning his July 31, 2007 DOH hearing, but Hollett attests that Plaintiff failed to complete his administrative process with respect to that claim, nor did he complete the administrative process with respect to his claim concerning his transfer to Springfield (even assuming that that claim against Anderson was otherwise properly before this Court for consideration).[8]

Indeed, Plaintiff's argument is that he should nevertheless be deemed to have exhausted his administrative remedies with respect to some or all of these claims because prison officials failed to provide a timely response to his grievances. Based on the evidence submitted, that argument is patently without merit. Plaintiff's own exhibit, wherein he alleges he provided written notification to the warden that he had exhausted his administrative remedies because prison officials had failed to provide a timely response to his complaints, is dated July 2, 2007. See Complaint, Exhibit 3. However, this is the *same date* he provided the sworn affidavit to Lt. Proffitt concerning the Edwards incident, the same date he asserts he *first filed* his informal resolution attempt against Christian, and is less than a week after he alleges he filed his grievance against Comstock. Plaintiff cannot simply make a general, conclusory and unsubstantiated assertion that prison officials failed to timely respond to his grievances (particularly where his own exhibits show that he made this assertion to the warden almost contemporaneously with the filing of his informal request forms) and

---

[8]For the Court to exercise jurisdiction over Defendant Anderson, Plaintiff must show that Anderson purposely availed himself of the privilege of conducting activities within the State of South Carolina, thus invoking the benefits and protections of its laws, and that the claims brought against this Defendant arise out of those contacts. See Kuenzle v. HTM Sport-Und Freizeitgerate AG, 102 F.3d 453, 455 (10th Cir. 1996); see also Adden v. J. D. Middlebrooks, 688 F.2d 1147, 1156 (7th Cir. 1982); Thornton v. Quinlan, 864 F.Supp. 90, 92 (S.D.Ill. 1994)(same)





expect to survive summary judgment. Singleton v Cribb, 06-3587, 2007 WL 3020496, at *2 (DSC Oct 12, 2007); Graham v. Perez, 1212 F.Supp 2d 217, 322 (SDNY 2000) [where prisoner files grievance but fails to afford prison officials adequate time to investigate and respond before filing his complaint, prisoner has failed to exhaust available administrative remedies]; Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]; see also Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff].

In sum, Defendants' evidence, and indeed Plaintiff's own exhibits, support a finding by this Court that Plaintiff failed to exhaust his administrative remedies with respect to any of these claims. *Cf.* Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must purse the administrative remedy or be precluded from seeking relief in the courts"]; see also Harvey v. City of Philadelphia, 253 F.Supp.2d at 829 [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies]. Even if Plaintiff had attempted to exhaust his administrative remedies after he filed this lawsuit, and had in fact succeeded in doing so (of which there is no evidence), that would not allow Plaintiff to now proceed with this lawsuit. Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is





pending.]; Freeman, 196 F.3d at 645 [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."]. Therefore, this case must be dismissed. Booth, 532 U.S. at 741; Hyde, 442 S.E.2d at 583; 42 U.S.C. § 1997e(a).

## Conclusion

Based on the foregoing, it is recommended that the Plaintiff's motion for summary judgment be **denied**, that the Defendants' motion to dismiss be **granted** and that this case be **dismissed**, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

Charleston, South Carolina

September12, 2008





## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).